SEAN P. FLYNN (SBN: 220184)
*sflynn@gordonrees.com*
KYLE W. SMITH (SBN: 277501)
*kwsmith@gordonrees.com*
GORDON & REES LLP
2211 Michelson Drive Suite 400
Irvine, CA 92612
Telephone: (949) 255-6950
Facsimile: (949) 474-2060

Attorneys for Defendant
I.C. SYSTEM, INC.

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

WESTERN DIVISION

| | |
|---|---|
| ANN FOX,<br><br>　　　　Plaintiff,<br><br>　vs.<br><br>I.C. SYSTEM, INC.<br><br>　　　　Defendant. | CASE NO.:<br><br>[Santa Barbara Superior Court Case No. 1467134]<br><br>**NOTICE OF REMOVAL UNDER 28 U.S.C. § 1441 (A) (FEDERAL QUESTION)**<br><br>[Filed concurrently with Notice of Lodgment of State Court Pleadings and Civil Cover Sheet]<br><br>Complaint Filed:　May 15, 2014<br>Trial Date:　　　None set |

**TO THE CLERK OF THE ABOVE-ENTITLED COURT:**

**PLEASE TAKE NOTICE** that defendant I.C. System, Inc. (hereinafter referred to as "I.C. System") respectfully submits this Notice of Removal in this civil action from the Superior Court of the State of California for the County of Santa Barbara to the United States District Court for the Central District of California, pursuant to 28 U.S.C. §§ 1441 and 1446, based on federal question

jurisdiction. Specifically, plaintiff Ann Fox asserts a claim for damages against I.C. System arising out of alleged violations of the Telephone Consumer Protection Act, 47 U.S.C. 227 *et seq.* ("TCPA") and the Fair Debt Collection Practices Act, 15 U.S.C. §1692, *et seq.* ("FDCPA").

In support of this Notice of Removal, I.C. System, through its counsel, states as follows:

## PROCEDURAL BACKGROUND

1. Plaintiff commenced this action by filing a Complaint in the Superior Court of the State of California for the County of Santa Barbara on May 15, 2014, styled *Ann Fox v. I.C. System, Inc.*, Case No. 1467134 (the "State Court Action"). See Complaint, attached hereto as Ex. A.

2. The Complaint alleges violations of the Telephone Consumer Protection Act, 47 U.S.C. 227 *et seq.*, and the Fair Debt Collection Practices Act, 15 U.S.C. §1692, *et seq.* Complaint, pp. 1–2. The Complaint was served on I.C. System on June 4, 2014.

## BASIS FOR REMOVAL – FEDERAL QUESTION JURISDICTION

3. Under 28 U.S.C. § 1441(a), any civil action brought in a state court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants, to the district court of the United States for the district and division embracing the place where such action is pending.

4. Further, 28 U.S.C. § 1441(b) provides that any civil action for which the district courts have original jurisdiction founded on a claim or right arising under the Constitution, treaties or laws of the United States shall be removable without regard to the citizenship or residence of the parties.

5. The Telephone Consumer Protection Act, a federal statute, was enacted by Congress, *inter alia*, to protect private citizens from interstate telemarketers who had previously escaped state law prohibitions on intrusive nuisance calls. *See Mims*

**Gordon & Rees LLP**
2211 Michelson Drive Suite 400
Irvine, CA 92612

1 *v. Arrow Fin. Servs., LLC*, 132 S. Ct. 740, 181 L. Ed. 2d 881 (U.S. 2012).

2    6.    In *Mims*, the United States Supreme Court ruled that federal question jurisdiction exists over TCPA claims. *Mims*, 132 S. Ct. at 747 ("We now hold that Congress did not deprive federal courts of federal question jurisdiction over private TCPA suits."); *accord Gomez v. Campbell-Ewald Co.*, 2013 U.S. Dist. LEXIS 34346 at *6 (C.D. Cal. Feb. 22, 2013).

7.    The Fair Debt Collection Practices Act, also a federal statute, was enacted by Congress to protect consumers who have been victimized by unscrupulous debt collectors, regardless of whether a valid debt actually exists. *Baker v. G. C. Services Corp.*, 677 F.2d 775, 777 (9th Cir. 1982).

8.    In *Stewart v. Dollar Loan Ctr., LLC.*, 2013 U.S. Dist. LEXIS 71157, 3-4, 2013 WL 2233029 (D. Nev. May 17, 2013), the plaintiff alleged violations of the Fair Debt Collection Practices Act. The court held that removal was proper because the plaintiff had alleged a federal cause of action over which the court had original, federal question jurisdiction. (*Ibid.*)

9.    This Court has federal question jurisdiction over this action under the provisions of 28 U.S.C. § 1331, and the matter is removable pursuant to 28 U.S.C. § 1441 because the Complaint alleges that I.C. System called and harassed Plaintiff on her cellular telephone using an automatic telephone dialing system in violation of 47 U.S.C. §227(b)(1)(A)(iii) and 15 U.S.C. § 1692(d). *See* Complaint, ¶¶ 8, 12–13. The Complaint also alleges that I.C. System is a "debt collector" as defined by the FDCPA. *See* Complaint, ¶ 3.

10.    Accordingly, this action is one in which this Court has original jurisdiction under the provisions of 28 U.S.C. § 1331, and is one which may be removed to this Court by I.C. System pursuant to 28 U.S.C. § 1441(b).

11.    The Complaint also alleges state law claims against I.C. System, namely, that I.C. System violated the Rosenthal Fair Debt Collection Practices Act, Cal. Civ. Code § 1788. *See* Complaint, ¶¶ 12–14. These allegations are based on

Gordon & Rees LLP
2211 Michelson Drive Suite 400
Irvine, CA 92612

the same set of operative facts that form the basis of plaintiff's federal TCPA and FDCPA claims, and this Court has supplemental jurisdiction over the state claims asserted in the Complaint pursuant to 28 U.S.C. § 1441(c).

## TIMELINESS OF REMOVAL

12. As noted above, the Complaint was served on I.C. System on June 4, 2014. I.C. System's Notice of Removal is timely because I.C. System filed this Notice "within thirty days after receipt by the defendant, through service or otherwise, of a copy of an amended pleading, motion, order or other paper from which it may first be ascertained that the case is one which is or has become removable." 28 U.S.C. § 1446(b)(3).

## VENUE

13. Venue is proper in this district and division because the State Court Action was filed and is pending in the Superior Court of the State of California for the County of Santa Barbara, which is located within the United States District Court for the Central District of California.

## COMPLIANCE WITH REMOVAL PROCEDURES

14. I.C. System has complied with all of the procedural requirements for removal set forth in 28 U.S.C. § 1446. As noted above, the Notice of Removal is filed within 30 days of the service of the amended pleading from which it may first be ascertained that the case is one which is or has become removable.

15. Pursuant to § 1446(d), a copy of this Notice of Removal, including exhibits, is being served on Plaintiff.

16. Pursuant to § 1446(d), a copy of this Notice of Removal, including exhibits, will be filed with the Superior Court of the State of California for the County of Santa Barbara, in Case No. 1467134.

17. Copies of all process, pleadings and orders served on I.C. System are attached hereto. *See* Notice of Lodgment of State Court Pleadings, filed concurrently herewith.

NOTICE OF REMOVAL UNDER 28 U.S.C. § 1441(A) (FEDERAL QUESTION)

1  WHEREFORE, for the foregoing reasons, I.C. System removes this action
2  from the Superior Court of the State of California for the County of Santa Barbara
3  to the United States District Court for the Central District of California and
4  respectfully requests that this Court exercise jurisdiction over this action.

6  DATED:  July 2, 2014            **GORDON & REES LLP**

                                    By:  */s/ Sean P. Flynn*
                                         Sean P. Flynn
                                         Kyle W. Smith
                                         Attorneys for Defendant
                                         I.C. SYSTEM, INC.